## ATLAS SUPPLY CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 2314.

Circuit Court of Appeals, Tenth Circuit.

Oct. 24, 1941.

Frederick L. Pearce, of Washington, D. C. (Morris, KixMiller & Baar, of Washington, D. C., on the brief), for petitioner.

Bernard Chertcoff, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

We are asked to determine whether under the Revenue Act of 1936, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Acts, page 813 et seq., a corporation was entitled to credit for current income not distributed because a provision in its bylaws prohibited the declaration of a dividend which would impair its capital.

Petitioner is a corporation organized under the laws of Oklahoma. Article 5 of its bylaws, continuously in effect since 1909, provides that dividends shall be declared only from surplus profits, and that no dividend shall be declared which will impair its capital. On January 1, 1936, petitioner had a deficit (impairment of capital) in the sum of $45,413.09; its net income for the calendar year was $90,433.31; its normal tax was $12,405.00; its adjusted net income was $78,028.31; and it paid a dividend of $30,464.00. In its income tax return petitioner claimed credit for $45,413.09—the amount of the impairment of capital. The Commissioner of Internal Revenue disallowed the credit and found a resulting deficiency in tax. The Board of Tax Appeals sustained the Commissioner, and the taxpayer brought the proceeding here on review.

Section 14 of the act, supra, 26 U.S.C.A. Int.Rev.Acts, page 823, imposed a surtax on the profits of a corporation not distributed as dividends but allowed a credit as provided in section 26(c), 26 U.S.C.A. Int.Rev. Acts, page 836, relating to contracts which restricted dividends; and section 26(c)(1) relieved from such tax undistributed profits which could not be distributed "without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends."

The two provisions in the act, considered together, laid a general surtax upon the undistributed net income of a corporation but authorized a special deduction for profits not distributed because of an inhibition created by contract. The provision granting the special deduction is to be strictly construed. Helvering v. Northwest Steel Rolling Mills, 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29.

It is not contended that the petitioner ever entered into a formal contract dealing with the payment of dividends. The provision contained in the by-laws is relied upon to authorize the asserted credit. But section 26(c)(1) clearly indicates a painstaking Congressional purpose to limit the credit to instances in which a corporation was prohibited by an executed contract from declaring and paying dividends. It cannot be doubted that Congress had the authority thus to limit the credit, and the limitation is not to be enlarged by judicial fiat. A provision in the by-laws of a corporation is not a written contract within the intent and meaning of the statute. Compare, Helvering v. Northwest Steel Rolling Mills, supra.

The order of the Board of Tax Appeals is affirmed.